IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| DALE STEIN, | ) | No. C 11-1243 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER OF SERVICE** |
| | ) | |
| v. | ) | |
| | ) | |
| G. WOODS; DR. ARTHUR F. MAJOR; | ) | |
| DR. R. NORTON; STANLAKE K. YE; | ) | |
| G. ELLIS; N. WARREN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this rights action pursuant to 42 U.S.C. § 1983 against various prison officials for inadequate dental care.  He has been granted leave to proceed in forma pauperis in a separate order.  The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A, and orders it served upon Defendants.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune

1    from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.

2    *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

3            Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

4    of the claim showing that the pleader is entitled to relief."  "Specific facts are not

5    necessary; the statement need only "'give the defendant fair notice of what the . . . . claim

6    is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200

7    (2007) (citations omitted).  Although in order to state a claim a complaint "does not need

8    detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his

9    'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

10   recitation of the elements of a cause of action will not do. . . .   Factual allegations must

11   be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v.*

12   *Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer

13   "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se

14   pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

15   699 (9th Cir. 1990).

16           To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

17   (1) that a right secured by the Constitution or laws of the United States was violated, and

18   (2) that the alleged violation was committed by a person acting under the color of state

19   law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

20                                   **ANALYSIS**

21           Plaintiff alleges that he received inadequate dental care from Dr. Woods at Kern

22   Valley State Prison, and then from Drs. Major and Norton at Salinas Valley State Prison.

23   He further alleges that Defendants Warren, Ye and Ellis denied his requests for more

24   expedient and effective dental care.  According to Plaintiff, Defendants' failure to

25   provide adequate dental care has caused him to lose teeth and experience impaired senses

26   of smell and taste.  hen liberally construed, Plaintiff's allegations are sufficient to state

27

28                                       2

cognizable claims against these Defendants for the violation of his rights under the Eighth Amendment.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto, and a copy of this order upon Defendants: **G. Woods** at **Kern Valley State Prison; Dr. Arthur F. Major, Dr. R. Norton, Stanlake K. Ye, and G. Ellis** at **Salinas Valley State Prison;** and **N. Warren, Chief,** at **California Prison Health Care Services, Office of Third Level Appeals – Health Care, P.O. Box 4038, Sacramento, California 95812-4038.**

The Clerk shall also mail a courtesy copy of the complaint and this order to the California Attorney General's Office.

The Clerk shall also serve a copy of this order on Plaintiff.

2.  In order to expedite the resolution of this case, the Court orders as follows:

a.  No later than **ninety (90) days** from the date this order is filed, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on the Plaintiff.

b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with

the court and served upon defendants no later than thirty days from the date of service of the motion.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)."  *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003)

c.  Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

3.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

5.  All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

//

//

4

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: May 3, 2011

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DALE RICHARD STEIN,

        Plaintiff,

    v.

G WOODS et al,

        Defendant.

_____/

Case Number: CV11-01243 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 3, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dale R. Stein
S.V.S.P.
P.O. Box 1050
J82424
Soledad, CA 93960

Dated: May 3, 2011

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

### NOTICE -- WARNING (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

### NOTICE -- WARNING  (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.